

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XKXIKXXBEXXXBXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Luther C. Johnson
County Attorney
Anderson County
Palestine, Texas

Opinion No. O-4914

Re: Is a vote of a majority of the members
of the county executive committee re-
quired to select the democratic nominee
to be placed upon the ballot of the
general election or would a vote of a
majority of the members of the committee
present at the meeting be sufficient to
select the party nominee where the nomi-
nee selected by voters at the primary
election declines the nomination prior
to the general election?

Dear Sir:

We have your telegram of October 13, 1942, requesting
the opinion of this department on the above stated question.

Article 3165, Vernon's Annotated Civil Statutes, pro-
vides:

"A nominee may decline and annul his nomina-
tion by delivering to the officer with whom the
certificate of his nomination is filed, ten days
before the election, if it be for a city office,
and twenty days in other cases, a declaration in
writing, signed by him before some officer au-
thorized to take acknowledgements. Upon such de-
clination (or in case of death of a nominee), the
executive committee of a party, or a majority of
them for the State, district or county, as the
office to be nominated may require, may nominate a
candidate to supply the vacancy by filing with the
Secretary of State in the case of State or district
officers, or with the county judge in the case of
county or precinct officers, a certificate duly

> signed and acknowledged by them, setting forth
> the cause of the vacancy, the name of the new
> nominee, the office for which he was nominated
> and when and how he was nominated.  No executive
> committee shall ever have power of nomination,
> except where a nominee has died or declined the
> nomination as provided in this article."

We have failed to find any case by any of the Appellate Courts construing the above mentioned statute wherein the question herein involved has been discussed or passed upon.  However, the case of Walker, et al v. Hopping, 226 S.W. 146, construing a similar provision of Article 3107, Revised Statutes, 1911, (now Article 3118, Vernon's Annotated Civil Statutes) among other things, holds in effect that a statute providing that a vacancy in the office of chairman or member of the county committee of a party shall be filled by a majority vote of the executive committee, contemplates an act of the committee as a body, and, in the absence of some provision of law to the contrary, it would take a majority of the members of such committee to constitute a quorum which could act as the committee.

It is stated in Words and Phrases, Permanent Edition, Volume 26, page 103:

> "In construing a party rule giving the exe-
> cutive committee of the party the power to fill
> vacancies on the county ticket by a majority vote
> of all the executive committee, it was said by the
> court that it seems clear, taking the whole rule
> together, that the provisions for filling vacancies
> on the ticket by a 'majority of all the executive
> committee' means, at the least, a majority vote of
> all the persons who are in fact members of the com-
> mittee at the time the vacancy is filled.  Ordi-
> narily the phrase quoted might not receive such
> construction.  We have so decided in two cases re-
> cently before us, but, of course, the question in
> every case is, What do the words mean in a par-
> ticular connection, and under the particular
> circumstances?  In general, they mean a majority
> of the quorum (the quorum being a majority of the
> whole body), but when the rule provides for a
> different test, such decisions ceased to apply."

In view of the foregoing, it is our opinion that in the absence of some provision of law to the contrary, a majority of the members of an executive committee of a party constitutes a quorum which can act as the committee.  In other

words, if a majority of the members of the executive committee of a party are present, it will take a majority vote of those present to nominate a candidate.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

s/ Ardell Williams
Ardell Williams
Assistant

APPROVED Oct 14, 1942
s/ Grover Sellers
First Assistant Attorney General

AW:db:bt

Approved Opinion Committee
by RWF, Chairman